[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an application brought pursuant to the provisions of the Hague Convention on the Civil Aspects of International Child Abduction (hereinafter "Hague Convention" or "Convention"), which has been implemented in the United States by 42 U.S.C. § 11601, et seq. The applicant, Stephen L. Harliwich, seeks to have Dean Harliwich, the eleven year old son of the parties returned to New Zealand.
Both the United States and New Zealand are signatories to the agreement which, as between these two countries, has been in effect since October 1, 1991.
The Convention provides for the prompt return of a child wrongfully removed, or wrongfully retained, where both that country (the United States in this case) and the country of the child's habitual residence (New Zealand in this case) are parties to the Convention. The child must be under the age of 16 and the return of the child is mandatory (subject to a few narrow exceptions), as long as the petition is filed within one year from the date of the wrongful removal or detention.
 Factual Background
The parties were married in New Zealand on April 24, 1984. Their son Dean was born on December 1, 1987. In 1990 or 1991 the parties were divorced in New Zealand. Since that time Dean's residence was with his mother (respondent) and the father (petitioner) regularly exercised visitation, usually during school holidays. The visitations were for varying lengths of time depending on the length of the school vacation, but was as long as three weeks on at least one occasion. The petitioner lived CT Page 14568 approximately three hours away, in driving time. At all relevant times, until on or about July 22, 1998, both parties and the minor child were residents of New Zealand. On or about July 22, 1998, the respondent moved to the United States with Dean, primarily to be with a man she met through the Internet.
 Wrongful Removal or Retention
The purpose of the Convention is to (a) "secure the prompt return of children wrongfully removed or retained in any contracting state; and (b) to ensure that rights of custody and access under the law of one contracting state are effectively respected in other contracting states" (Article 1).
Article 4 provides that the "Convention shall apply to any child who was habitually resident in a contracting state immediately before any breach of custody or access rights.
Article 5 defines "rights of custody" as including "rights relating to the care of the person of the child and, in particular he right to determine the child's place of residence." It further defines "rights of access" as including "the right to take a child for a limited period of time to a place other than the child's habitual residence."
Article 3 provides as follows:
 The removal or the retention of a child is to be considered wrongful where —
 (a) it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and
 (b) at the time of removal or retention those rights were actually exercised either jointly or alone, or would have been so exercised but for the removal or retention.
The rights of custody mentioned in sub-paragraph a above, may arise in particular by operation of law or be reason of a judicial or administrative decision, or be reason of an agreement having legal effect under the law of that CT Page 14569 State.
It is clear that the child was habitually resident in New Zealand immediately prior to his removal to the United States. The Court finds his removal and/or retention in the United States was wrongful as both a breach of the applicant's right to determine the child' s place of residence as well as the applicant's right of access.
At the hearing on the application, the respondent testified that she told the petitioner approximately 1 to 1 1/2 weeks before July 22nd that she was moving to the United States; that the applicant, although expressing some anger, said he didn't care if she did. While the applicant did not attend the hearing, he was represented by counsel (as was the respondent and the minor child, an attorney having been appointed to represent the child). His application made under the Convention provisions was provided to the Court. In that document the applicant denies having knowledge or giving consent to the removal of Dean to the United States.
The petitioner has established that he was exercising custodial and access rights as defined in the Hague Convention, thus the removal and retention was unlawful.
 Return of the Child to New Zealand
The Convention requires that a child wrongfully removed or restrained be returned forthwith unless the respondent can establish, under Article 13 or Article 20 that he should not be.
Article 20 provides for non-return if fundamental principles of the requested country relating to the protection of human rights and fundamental freedoms would be violated. The respondent makes no such claim and the exemption of Article 20 is clearly not applicable.
Article 13 provides as follows:
Notwithstanding the provisions of the preceding Article, the judicial or administrative authority of the requested State is not bound to order the return of the child if the person, institution or other body which opposes its return establishes that — CT Page 14570
 (a) the person, institution or other body having the care of the person of the child was not actually exercising the custody rights at the time of removal or retention, or had consented to or subsequently acquiesced in the removal of retention; or
 (b) there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation.
 The judicial or administrative authority may also refuse to order the return of the child if it finds that the child objects to being returned and has attained an age an degree of maturity at which it is appropriate to take account of its views.
 In considering the circumstances referred to in this Article, the judicial and administrative authorities shall take into account the information relating to the social background of the child provided by the Central Authority or other competent authority of the child's habitual residence.
The respondent must prove by clear and convincing evidence, that one or more of the provisions of Article 13 are applicable in order to negate the return of the child.
Her argument that the petitioner had consented to the removal or retention is far from clear and convincing. The petitioner acted promptly to have the child returned and, as noted disputes the allegations that he consented to the removal. Obviously he does not acquiesce in the retention.
There was no substantial evidence that the child's return would expose him to physical or psychological harm or otherwise place him in an intolerable situation.
While there was some testimony from the respondent that the child is resistant to visitation with his father, there was no evidence that his age (11 years as of December 1, 1998) and his level of maturity should impact on this issue.
 Conclusion
For the foregoing reasons, it is ordered that the minor child Dean Harliwich be returned to New Zealand forthwith. It is CT Page 14571 appropriate that the courts of New Zealand determine issues of custody and access. The respondent shall pay the costs of transportation for Dean. If she elects not to return to New Zealand with the minor child she shall be responsible for arranging suitable and appropriate escort for the child.
Article 26 of the Convention provides for the award of counsel fees. Counsel for the petitioner and the minor child may motion the Court for an award of counsel fees within 30 days if they desire to do so.
Klaczak, J.